UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K. ERIC MARTIN, et al.,<br>　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM EVANS et al.,<br>　　　Defendants. | Civil Action No. 1:16-cv-11362-PBS |

## ANSWER OF DISTRICT ATTORNEY DANIEL CONLEY

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, defendant District Attorney Daniel Conley responds to the numbered paragraphs set forth in the Complaint (#1) of plaintiffs K. Eric Martin and Rene Perez as follows.

1. To the extent it purports to interpret the First Amendment to the United States Constitution or Mass. G.L. c. 272, § 99, this paragraph asserts legal conclusions, and accordingly no response is required. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

2. This paragraph asserts a legal conclusion, and accordingly no response is required.

3. The first sentence of this paragraph asserts a legal conclusion, and accordingly no response is required. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret the opinion of the U.S. Court of Appeals reported at 655 F.3d 78, that opinion speaks for itself.

5. This paragraph asserts legal conclusions, and accordingly no response is required.

6. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret Mass. G.L. c. 272, § 99, that statute speaks for itself.

8. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. This paragraph asserts legal conclusions, and accordingly no response is required.

11. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

14. DA Conley admits the allegations of this paragraph.

15. This paragraph asserts a legal conclusion, and accordingly no response is required.

16. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret the opinion of the U.S. Court of Appeals reported at 655 F.3d 78, that opinion speaks for itself.

17. This paragraph asserts a legal conclusion, and accordingly no response is required.

18. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. DA Conley admits the allegations of the first sentence of this paragraph. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. DA Conley admits the allegations of this paragraph.

29. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret Mass. G.L. c. 272, § 99, that statute speaks for itself.

30. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret Mass. G.L. c. 272, § 99, that statute speaks for itself.

31. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret Mass. G.L. c. 272, § 99, and/or the opinion of the Mass. Supreme Judicial Court reported at 750 N.E. 963, that statute and opinion speak for themselves.

32. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that this paragraph reiterates or purports to interpret the opinion of the Mass. Supreme Judicial Court reported at 750 N.E. 963, that opinion speaks for itself.

34. DA Conley admits that, in 2006-07, the Suffolk District Attorney's Office prosecuted Jeffrey Manzelli for violating Mass. G.L. c. 272, § 99, obtained a conviction, and successfully defended that conviction on appeal to the Massachusetts Appeals Court.

35. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that this paragraph reiterates or purports

to interpret the opinion of the U.S. District Court reported at 964 F. Supp. 2d 120, that opinion speaks for itself.

36. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

81. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

83. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91. DA Conley admits that, in 2006-07, the Suffolk District Attorney's Office prosecuted Jeffrey Manzelli for violating Mass. G.L. c. 272, § 99, obtained a conviction, and successfully defended that conviction on appeal to the Massachusetts Appeals Court.

92. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

93. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

94. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

95. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

96. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

97. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

98. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

99. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

100. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

101. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

102. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

103. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

104. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

105. The allegations in this paragraph are asserted against a defendant other than DA Conley, and accordingly no response is required.

106. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

107. DA Conley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108. DA Conley repeats and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

109. This paragraph asserts legal conclusions, and accordingly no response is required. To the extent that this paragraph reiterates or purports to interpret the First or Fourteenth Amendments to the U.S. Constitution, those Amendments speak for themselves.

110. This paragraph asserts legal conclusions, and accordingly no response is required.

111. This paragraph asserts legal conclusions, and accordingly no response is required.

112. This paragraph asserts legal conclusions, and accordingly no response is required.

113. This paragraph asserts legal conclusions, and accordingly no response is required.

114. This paragraph asserts legal conclusions, and accordingly no response is required.

## GENERAL DENIAL

All allegations contained in the Complaint not heretofore specifically admitted are denied.

## AFFIRMATIVE DEFENSES[1]

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction over the subject matter of the claims of the Complaint.

## JURY DEMAND

DA Conley demands a jury trial on all issues so triable.

> Respectfully submitted,
>
> MAURA HEALEY
> ATTORNEY GENERAL
>
> */s/ Eric A. Haskell*
> _____
> Eric A. Haskell, BBO No. 665533
> Assistant Attorney General
> One Ashburton Place
> Boston, Mass.  02108
> (617) 963-2855
> eric.haskell@state.ma.us

July 12, 2017

---

[1] DA Conley asserts the following defenses without admitting or conceding that they are issues for which he bears the burden of proof.

## **CERTIFICATE OF SERVICE**

      I certify that a true copy of this document will be sent electronically by the ECF system to attorneys of record identified on the Notice of Electronic Filing.

                                                */s/ Eric A. Haskell*

                                                Eric A. Haskell
                                                Assistant Attorney General

July 12, 2017