UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:16-cv-11362-PBS

K. ERIC MARTIN and RENÉ PÉREZ,

        Plaintiffs,

v.

WILLIAM GROSS, in his Official Capacity as Police Commissioner for the City of Boston, and RACHEL ROLLINS, in her Official Capacity as District Attorney for Suffolk County,

        Defendants.

## DEFENDANT CITY OF BOSTON'S RESPONSE TO COURT'S ORDER

For the reasons stated in Defendant Commissioner Evans' Motion for Summary Judgment, ECF No. 116 (June 11, 2018), Defendant Commissioner Evans' Memorandum of Law in Support of Motion for Summary Judgment, ECF No. 126 (June 12, 2018), and Defendant Commissioner Evans' Opposition to Plaintiffs' Motion for Summary Judgment, ECF No. 138 (July 11, 2018), and for the reasons stated at the July 19, 2019 hearing, ECF No. 151, Defendant City of Boston[1] (the "City") hereby objects to the Court's Memorandum and Order, ECF No. 159, of December 10, 2018 (hereinafter, the "Order"). Consequently, the City reserves all rights to dispute, seek to modify, or appeal, in part or in full, the Order and any judgment or relief issued or ordered in this case.

---

[1] Under 42 U.S.C. § 1983, a lawsuit brought against Commissioner Gross in his official capacity is treated as a lawsuit against the City of Boston itself. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).

Subject to and without waiving the foregoing objections and reservations, and without waiving or prejudicing any right to appeal, the City responds as follows:

First, the City suggests that to the extent the Court awards relief to Plaintiffs, declaratory rather than injunctive relief is appropriate. See Steffel v. Thompson, 415 U.S. 452, 466, 469-70 (1974). This is especially true in the instant case, where City already represented that it would comply with the Court's ruling. See McLaughlin v. City of Lowell, 140 F. Supp. 3d 177, 197 n.16 (D. Mass. 2015); Nat'l Ass'n of Tobacco Outlets, Inc. v. City of Worcester, 851 F. Supp. 2d 311, 321 n.5 (D. Mass. 2012).

Second, the City supports the proposal put forward by the Attorney General's Office.

Third, the City objects to any proposed language that could be read to invalidate probable cause or other constitutional grounds for effecting a stop or an arrest. E.g., Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) ("The question of probable cause, like the question of reasonable suspicion, is an objective inquiry. The actual motive or thought process of the officer is not plumbed.") (internal quotes and citations omitted).

Fourth, the City objects to any proposal by Plaintiffs that the City be enjoined from investigating violations of Mass. Gen. Laws c. 272, § 99 against any individual for secretly recording police officers performing their duties in public spaces. For example, if a police officer has probable cause to believe that a civilian's communications are being secretly recorded, the officer should be permitted to investigate even if his investigation ultimately reveals that only permissible recordings were made.

Dated:  March 11, 2018                               Respectfully submitted,

                                                  **DEFENDANT CITY OF BOSTON**

                                                  Eugene O'Flaherty,
                                                  Corporation Counsel

                                                  By his assistant,

                                                  /s/ Matthew M. McGarry
                                                  Matthew M. McGarry, BBO No. 678363
                                                  Assistant Corporation Counsel
                                                  City of Boston Law Department
                                                  One City Hall Square, Room 615
                                                  Boston, MA 02201
                                                  (617) 635-4042
                                                  Matthew.McGarry@boston.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Date:  March 11, 2018                               /s/ Matthew M. McGarry
                                                            Matthew M. McGarry