**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                      )
K. ERIC MARTIN and RENÉ PÉREZ,        )
                                      )
                Plaintiffs,           )
                                      )        Civil Action
        v.                            )        No. 16-11362-PBS
                                      )
WILLIAM GROSS, in His Official        )
Capacity as Police Commissioner       )
for the City of Boston, and           )
RACHAEL ROLLINS, in Her Official       )
Capacity as District Attorney for     )
Suffolk County,                       )
                                      )
                Defendants.           )
_____)
_____
                                      )
PROJECT VERITAS ACTION FUND,          )
                                      )
                Plaintiff,            )
                                      )        Civil Action
        v.                            )        No. 16-10462-PBS
                                      )
RACHAEL ROLLINS, in Her Official       )
Capacity as Suffolk County            )
District Attorney,                    )
                                      )
                Defendant.            )
_____)

**MEMORANDUM AND ORDER**

May 22, 2019

Saris, C.J.

**INTRODUCTION**

        In these two actions, Plaintiffs challenged the

constitutionality of Mass. Gen. Laws ch. 272, § 99 ("Section

99"), which, among other things, prohibits secret audio recordings of government officials in Massachusetts.[1] On December 10, 2018, the Court allowed Plaintiffs' motions for summary judgment in both cases and declared that Section 99 violates the First Amendment insofar as it prohibits the secret audio recording of government officials, including law enforcement officers, performing their duties in public spaces, subject to reasonable time, place, and manner restrictions. Martin v. Gross, 340 F. Supp. 3d 87, 109 (D. Mass. 2018). The Court directed the parties to submit a proposed form of injunction. Id. Defendants, the Suffolk County District Attorney and the Police Commissioner for the City of Boston, now argue that a permanent injunction is not necessary, and a declaratory judgment is sufficient. Defendants also ask the Court to narrow the scope of its previous ruling, for example, by defining "government officials" and "public space."

For the reasons discussed below, the Court agrees that a declaratory judgment is sufficient to give effect to the Court's ruling but declines the request to narrow the holding.

---

[1]    The Court assumes familiarity with its earlier opinions in both cases. See Martin v. Gross, 340 F. Supp. 3d 87 (D. Mass. 2018); Project Veritas Action Fund v. Conley, 270 F. Supp. 3d 337 (D. Mass. 2017); Project Veritas Action Fund v. Conley, 244 F. Supp. 3d 256 (D. Mass. 2017); Martin v. Evans, 241 F. Supp. 3d 276 (D. Mass. 2017).

## DISCUSSION

Defendants argue that the Court should enter a declaratory judgment that fixes the bounds of constitutionally permissible conduct rather than issue an injunction. They contend that a declaratory judgment is a less drastic, non-coercive remedy that will have the same practical effect as an injunction and will better comport with the principles of federalism and comity. They also argue for various provisions not contained in the Court's December 10 order, including: (1) a definition of "public space" as "a traditional or designated public forum"; (2) a more robust definition of "government official"; and (3) an affirmative declaration that Section 99 is still enforceable against a person who surreptitiously records the communications of someone other than a "government official."

## 1. Declaratory Judgment or Injunction

The first question is whether the Court should issue a declaratory judgment rather than an injunction. The Supreme Court has explained that Congress enacted the Declaratory Judgment Act (codified at 28 U.S.C. §§ 2201-02) to create a form of relief "to act as an alternative to the strong medicine of the injunction and to be utilized to test the constitutionality of state criminal statutes in cases where injunctive relief would be unavailable." Steffel v. Thompson, 415 U.S. 452, 466 (1974). Although the practical effect of the two forms of relief

3

is ordinarily the same, see Samuels v. Mackell, 401 U.S. 66, 73 (1971), a declaratory judgment is a "milder form of relief" because it is not coercive, i.e., noncompliance will not result in contempt proceedings, Steffel, 415 U.S. at 471; see also Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) ("At the conclusion of a successful federal challenge to a state statute or local ordinance, a district court can generally protect the interests of a federal plaintiff by entering a declaratory judgment, and therefore the stronger injunctive medicine will be unnecessary.").

In some cases where a constitutional challenge to the validity of a state or local statute or regulation has been successful, the First Circuit has approved the entry of injunctive relief. See Cutting v. City of Portland, 802 F.3d 79, 81 (1st Cir. 2015); Mangual v. Rotger-Sabat, 317 F.3d 45, 69 (1st Cir. 2003); see also Nationalist Movement v. City of Boston, 12 F. Supp. 2d 182, 195 (D. Mass. 1998) (entering permanent injunction barring enforcement of city ordinance regulating parade permitting after the court held the regulation was facially invalid). But in other cases where the validity of a state or local statute or regulation is at issue, courts in this district have issued declaratory judgments rather than permanent injunctions. See, e.g., McLaughlin v. City of Lowell, 140 F. Supp. 3d 177, 197 & n.16 (D. Mass. 2015) (in facial

challenge to city's anti-panhandling ordinance, declaring
ordinance unconstitutional but declining to enter separate
injunction to similar effect); Nat'l Ass'n of Tobacco Outlets,
Inc. v. City of Worcester, 851 F. Supp. 2d 311, 321 n.5 (D.
Mass. 2012) (in facial challenge to city's prohibition on
advertising of tobacco products, declaring ordinance
unconstitutional but declining to enter separate injunction to
similar effect); Canterbury Liquors & Pantry v. Sullivan, 16 F.
Supp. 2d 41, 51 (D. Mass. 1998) (declaring state statute
relating to the pricing of wholesale liquor was preempted by the
Sherman Act but declining to enter separate injunction to
similar effect); S. Bos. Allied War Veterans Council v. City of
Boston, 875 F. Supp. 891, 920 (D. Mass. 1995) (in as-applied
challenge to city's parade permitting policy, declaring that
permitting requirements for St. Patrick's Day parade violated
the Constitution but declining to enter separate injunction to
similar effect); Mass. Gen. Hosp. v. Sargent, 397 F. Supp. 1056,
1057, 1063 (D. Mass. 1975) (declaring that state policy of
failing to make prompt and full payments under the federal
Social Security program violated Article VI of the U.S.
Constitution but declining to enter injunction to similar
effect).

   The Court holds that a declaratory judgment is more
appropriate than a permanent injunction in this case for two

reasons. First, the Court has held that Section 99 is invalid as applied to the secret audio recording of government officials, "subject to reasonable time, place, and manner restrictions." Martin, 340 F. Supp. 3d at 109. Because there is room for disagreement about whether a restriction is reasonable, the threat of contempt for violation of the injunction is too blunt and coercive an enforcement mechanism in situations where decision-making is necessarily split second. Second, the Court has not defined the meaning of "public space" or "government official." The issuance of an injunction could effectively implicate a judicial second-guessing of the policing function to determine whether the order was violated. Cf. Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010) (holding that a declaratory judgment sufficed where an injunction may have effectively required the judge to take over management of the program for distributing funds to student groups challenged on First Amendment grounds). For these reasons, the Court concludes that a declaratory judgment strikes the correct balance between Plaintiffs' First Amendment interests and Defendants' sovereignty as state and local law enforcement officials. See Doran, 422 U.S. at 931.

Plaintiffs in Martin claim that a permanent injunction is necessary because there are reasons to doubt that Defendants will comply with just a declaratory judgment. As evidence, they

point to the fact that Defendants continued to enforce Section 99 for eight years following the First Circuit's holding in Glik v. Cunniffe, 655 F.3d 78, 83 (1st Cir. 2011), "that the First Amendment protects the filming of government officials in public spaces." Further, they contend Defendants enforced Section 99 one time during the pendency of this litigation, even after the Court denied their motions to dismiss.

The Court is not persuaded that Defendants will not comply with its decision going forward. The Court has interpreted Glik "as standing for the proposition that the First Amendment protects the right to record audio and video of government officials, including law enforcement officers, performing their duties in public, subject only to reasonable time, place, and manner restrictions." Id. at 97-98. As a factual matter, though, Glik concerned recording done openly rather than secretly. See 655 F.3d at 79, 87. That Defendants read Glik narrowly in the past is not proof that they will continue to do so now that the Court has ruled. Defendants have stated they will follow this Court's ruling, and the Court will take them at their word. See No. 16-cv-11362-PBS, Dkt. No. 166 at 2. The Court "assume[s] that municipalities and public officers will do their duty when disputed questions have been finally adjudicated and the rights and liabilities of the parties have been finally determined."

Commonwealth v. Town of Hudson, 52 N.E.2d 566, 572 (Mass. 1943); see also McLaughlin, 140 F. Supp. 3d at 197 n.16.

Thus, the Court will not issue a permanent injunction and finds that a declaratory judgment is a sufficient remedy.

## 2. Scope of Declaratory Judgment

Defendants ask the Court to adopt a declaratory judgment that narrows the definitions of "public space" and "government official." As Defendants acknowledge, the Court concluded that it would leave "it to subsequent cases to define these terms on a better record." Martin, 340 F. Supp. 3d at 109. With respect to "public space" and "government official," in its December 10 order the Court specifically adopted the language that the First Circuit employed in Glik. See, e.g., 655 F.3d at 82 ("The filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities, fits comfortably within these principles."); id. at 83 ("Our recognition that the First Amendment protects the filming of government officials in public spaces accords with the decisions of numerous circuit and district courts."); id. at 84("Such peaceful recording of an arrest in a public space that does not interfere with the police officers' performance of their duties is not reasonably subject to limitation.") id. at 85 ("In summary, though not unqualified, a citizen's right to film government officials, including law

8

enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment."). Defendants' proposal that "public space" be defined as encompassing "traditional and designated public for[a]," then, is narrower than the plain language of Glik. And, while Defendants have proposed a list of persons that might qualify as a "government official," at this late stage in the proceedings the Court has no basis for evaluating whether it is an overinclusive or underinclusive list. The Court will not reconsider its December 10 order to give either "public space" or "government official" definitions.

Defendants also ask the Court to narrow its declaration so that Section 99 is still enforceable where a surreptitious audio recording captures the oral communications of both a government official and a non-government official (i.e., a civilian). Defendants contend that this limitation is necessary to protect the privacy interests of civilians (such as victims). However, in Glik, the plaintiff was arrested for recording several police officers arresting a man on the Boston Common. Id. at 79. The First Circuit found that the plaintiff had a First Amendment right to do so notwithstanding the fact that the recording also captured a civilian (i.e., the arrestee). See id. at 84. Moreover, the police retain discretion to impose reasonable restrictions.

In sum, Defendants have provided no basis for the Court to revise the declaration. In this respect, the Court denies Defendants' motion for reconsideration. <u>See</u> <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009).

## DECLARATORY JUDGMENT AND ORDER

The Court declares Section 99 unconstitutional insofar as it prohibits the secret audio recording of government officials, including law enforcement officers, performing their duties in public spaces. This prohibition is subject to reasonable time, place, and manner restrictions. The Court orders that this declaration be provided to every police officer and to all assistant district attorneys within 30 days.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge